# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARLOS ERAZO-SANTANA,** | |
| Plaintiff, | |
| v. | Civ. No. 19-2124 (ADC) |
| **CONSTRUCTORA DEL RÍO, INC., et al.,** | |
| Defendants. | |

## OPINION AND ORDER

Before the Court are motions to dismiss filed by Defendants Constructora Del Río, Inc.; Constructora Cawape, Inc., and José M. Pérez-Reyes (collectively, Defendants)[1] based on subject matter jurisdiction and abstention grounds, **ECF No. 21,** and personal jurisdiction grounds, **ECF No. 23**. For the following reasons, Defendants' motion to dismiss on abstention grounds is **GRANTED**.

## I. Procedural Background

On December 12, 2019, Carlos Erazo-Santana (Plaintiff or Erazo-Santana) filed a complaint seeking approximately $37 million in damages and cancellation of a home mortgage. **ECF No. 2**. He asserts that defendants lacked the legal credentials to engage in the mortgage loan business and failed to provide him with the legally-mandated disclosures before and after

---

[1] Defendants filed these motions "without submitting to the jurisdiction or venue of this forum nor waiving any other right or defense." **ECF Nos. 20, 21** at 1**, 23** at 1.

he entered into the mortgage, in violation of roughly a dozen federal and state statutes. *Id*. Erazo-Santana seeks cancellation of the mortgage note and requests title to the property free and clear of all liens. *Id.* at 34. He also requests the Court order defendants to place $27 million in an account with the Court out of concern that defendants will improperly divest their assets prior to the litigation's conclusion. *Id*. at 32. Last, plaintiff requests the Court "intervene" in and stay a parallel case proceeding in the Puerto Rico Court of First Instance Aibonito Part, *Constructora del Río Inc. v. Erazo Santana, et al.*, Civ. No. BCD 2018-0018 (the Aibonito case). *Id.* at 33.

Defendants respond with two motions to dismiss asserting lack of personal and subject matter jurisdiction or, alternatively, a request that this Court exercise *Colorado River* abstention. **ECF Nos. 21, 23**. Defendants' abstention arguments arise from the pending Aibonito case.

The Court issued an Order directing Erazo-Santana to assert his theory for federal question subject matter jurisdiction and to show cause as to why the case should not otherwise be dismissed based on *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800 (1976). **ECF No. 30**. The Court outlined for Erazo-Santana the elements of the abstention doctrine. *Id*.

In his response to the Order, Erazo-Santana reiterates the claims in his complaint and lists by name the dozen or so federal statutes allegedly implicated by defendants' actions. **ECF No. 31** at 4-5. Erazo-Santana also asserts that the Puerto Rico state courts do not have jurisdiction over questions of federal law, necessitating this Court's involvement.[2] **ECF No. 31** at 5**.**

---

[2] Subject matter jurisdiction based on diversity of citizenship and amount in controversy is not asserted in this case and the complaint clearly identifies the parties as non-diverse. **ECF No. 2** at 2-3.

## II. Analysis

"While pro se litigants are not exempt from procedural rules, courts are solicitous of the obstacles that they face. Consequently, courts hold pro se pleadings to less demanding standards than those drafted by lawyers." *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000).

### A. Federal Question Subject Matter Jurisdiction

"Federal Courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "To determine whether the exercise of federal question jurisdiction is proper, [a court applies] the familiar well-pleaded complaint rule, which requires the federal question to be stated on the face of the plaintiff's well-pleaded complaint." *Carrasquillo-Serrano v. Mun. of Canóvanas*, 991 F.3d 32, 44 (1st Cir. 2021) (citations and internal quotation marks omitted). "A federally created right or immunity must appear 'on the face of the complaint'" and "must be an essential element of plaintiff's cause of action." *Garib-Bazain v. Hosp. Español Auxilio Mutuo, Inc.*, 773 F.Supp.2d 248, 253 (D.P.R. 2011) (quoting *Brough v. United Steelworkers of Am., AFL-CIO*, 437 F.2d 748, 749 (1st Cir. 1971)). A well-pleaded complaint requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court rejects Erazo-Santana's general contention that only a Federal Court can exercise jurisdiction over federal questions. "[I]t is now settled that there is a presumption in

favor of concurrent jurisdiction, so that state courts may entertain federal civil claims as a matter of course absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court jurisdiction." *Diversified Foods, Inc. v. First Nat. Bank of Boston*, 985 F.2d 27, 29 (1st Cir. 1993) (citation and internal quotation marks omitted).

Erazo-Santana refers to the following statutes in his complaint:

The Truth [in] Lending Act; Equal Credit Opportunity Act[;] Fair Housing Act; Real Estate Settlement Procedures Act; New Homeowner[]s Protection Act; Nationwide Licensing System and Standards[;] Home Mortgage Disclosure Act; Community Reinvestment Act; Fair Debt Collection Practices Act; Gramm-Leach-Bliley Act[;]. . . and others.

**ECF No.** 2 at 1-2. Though Erazo-Santana's references to these statutes are vague, it appears that at least one, arguably the Truth in Lending Act, may be "at least minimally relevant" to his claims. *See Windham v. Harmon Law Off., P.C.*, 2015 WL 4262469, at *1 (D. Mass. July 8, 2015). Accordingly, "at this stage, and because [Erazo-Santana] is a pro se party, the Court will construe the complaint liberally and decline to dismiss the action based on a lack of federal subject-matter jurisdiction." *See id.* (describing its ruling as "prejudice … to reconsideration of the issue once plaintiff has clarified the basis of [the] complaint"). *See also Cruthird v. Keefe Commissary Network, LLC*, 2015 WL 4779244, at *2 (D. Mass. Aug. 11, 2015) (noting that the pro se plaintiff's reference to a federal copyright statute and the copyright principle of fair use was insufficient to create a cognizable federal question claim).

**B. Personal Jurisdiction and Service of Process**

Defendants contend the Court lacks personal jurisdiction due to Erazo-Santana's failure to properly perfect service. **ECF No. 23** at 1. Erazo-Santana served each defendant with a copy of the complaint and summons by certified mail. Defendants assert service by certified mail is not permitted by the Federal or Puerto Rico Rules of Civil Procedure. *Id*. at 1-2.

A Court will not assume it has jurisdiction; the burden "rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). When a plaintiff proceeds in forma pauperis, Federal Rule of Civil Procedure 4(c)(3), requires that the court "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Here, the Court granted Erazo-Santana's request to proceed in forma pauperis and issued the summonses in this case with direction to the U.S. Marshals to perfect service. **ECF Nos. 6, 7**. The stamped certified mailing envelopes appended to defendants' motion bear the return address for the U.S. Marshals in the District of Puerto Rico. **ECF No. 23-1**.

Though, as defendants explain in their motion, neither the Federal nor Puerto Rico rules of Civil Procedure clearly provide for service via certified mail in this situation, *see* Fed. R. Civ. P. 4(e), (h); P.R. Laws Ann. Tit. 32 App. III R. 4.4(a), (e), when an in forma pauperis plaintiff can show good cause for the failure to properly serve a defendant, the court may deny a defendant's dismissal request on those grounds. *See Laurence v. Wall,* 551 F.3d 92, 94 (1st Cir. 2008); *Berríos v.*

*Citibank N.A.*, 2012 WL 1600454, at * 2 (D.P.R. May 7, 2012). Courts have consistently held that "a plaintiff proceeding [in forma pauperis] shows good cause when . . . the United States Marshals Service fails to fulfill its obligations under [28 U.S.C.] section 1915(d) and [Federal Rule of Civil Procedure] Rule 4(c)(3)." *Laurence,* 551 F.3d at 94; *accord Borinken Towing & Salvage v. Island Commodity Brokers, LLC*, 2015 WL 13815457, at *2 (D.P.R. Oct. 26, 2015). Accordingly, defendants' motion to dismiss based on insufficiency of process is **DENIED**. **ECF No. 23.**

### C. *Colorado River* **Abstention**

Defendants argue that because Erazo-Santana filed a counterclaim and third-party complaint in the Aibonito case seeking "substantially the same remedies that he is requesting in the present court action," the Court should exercise its discretion to decline to hear the present case pursuant to the abstention principle outlined in *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800 (1976). **ECF No. 21** at 2, 9.

Federal courts have a "virtually unflagging obligation . . .to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 817, and it is well-established that a pending, parallel action in state court "is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," *McClellan v. Carland*, 217 U.S. 268, 282 (1910). However, in *Colorado River*, the Supreme Court outlined exceptional circumstances in which "the pendency of a similar action in state court may merit federal abstention based on 'considerations of wise judicial administration' that counsel against duplicative lawsuits." *Jiménez v. Rodríguez-Pagán*, 597 F.3d 18, 27 (1st Cir. 2010). "Of all the abstention doctrines," *Colorado River* abstention "is to be

approached with the most caution, with '[o]nly the clearest of justifications' warranting dismissal." *Id.* (alteration in original) (quoting *Colorado River*, 424 U.S. at 819). Accordingly, a court's "authority to find such a clear justification is confined by an exceptional circumstances test, whose non-exclusive list of factors" include:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

*Id.* at 27-28 (alteration in original) (citations and internal quotation marks omitted). "No one factor is necessarily determinative." *Colorado River*, 424 U.S. at 818-19. Rather, a court must engage in "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

The Court agrees with defendants that factors (1) (jurisdiction over a res), (2) (geographical convenience), and (8) (removal jurisdiction) are neutral or inapplicable here. Thus, the Court's review will focus on factors (3) through (7).

### i. The desirability of avoiding piecemeal litigation, factor (3)

In its December 14, 2020 Order, this Court summarized the state and federal proceedings involving Erazo-Santana, defendants, and the claims presently before this Court:

> [A]fter carefully reviewing the state court pleadings and documents submitted by defendants on December 4, 2020 at **ECF No. 28**, the Court notes that plaintiff's

complaint in the instant case is a rehash of his claims and defenses raised by him and his spouse against defendants via Answer to Complaint, Counterclaim and Third-party [complaint] filed at the Puerto Rico Court of First Instance Civil Case No. B CD2018-0018 [the Aibonito case]. Moreover, an independent research conducted by this Court through the state court's electronic docket revealed that plaintiff and his spouse have been represented by several attorneys in state court proceedings. Plaintiff's claims are still pending. But that is not all, based on the same allegations raised by plaintiff in state court and now [in] federal court, plaintiff requested the Puerto Rico Office of the Commissioner of Financial Institutions ("OCFI") to initiate an investigation of defendants' conduct. Even though the OCFI did in fact initiate an investigation against defendants, plaintiff filed yet another pro se state court complaint against OCFI, OCFI's Commissioner, and several of its employees. Still unsatisfied, plaintiff filed a certiorari petition at the Puerto Rico Court of Appeals. Civil Case No. SJ2019CV-6575. As if having his pending claims before the state court, OCFI and this Court was not enough, plaintiff filed a second complaint at the United States District Court for the District of Puerto Rico based on the same allegations. *See* 20-1030 (WGY).

**ECF No. 30** at 1-2.

Erazo-Santana argues that the present case is unrelated to the State Case No. SJ2019CV-6575 filed against OCIF. **ECF No. 31** at 10-11. Case No. SJ2019CV-6575 challenges OCIF's exercise of its official responsibilities in response to Erazo-Santana's request that OCIF investigate defendants mortgaging practices. *See* **ECF Nos. 28-6; 28-7; 28-10; 28-11; 28-13**. The present case and Case No. SJ2019CV-6575 do involve overlapping facts, however, Case No. SJ2019CV-6575 is postured to review the OCIF's actions as a state agency, rather than the merits of Erazo-Santana's claims against defendants. Thus, the Court agrees with Erazo-Santana that the case against OCIF is insufficient to satisfy this factor of the abstention analysis.

However, the case against OCIF is not the only case pending before the state courts. And, more importantly, the Aibonito case presents the same lynchpin on which this and, for that matter, the other federal case, Civ. No. 20-1030 (WGY), hinges—whether the agreement between Erazo-Santana and defendants constitutes a mortgage or an agreement of sale at deferred price. **ECF No. 28-4; 28-11.** Erazo-Santana's claims in the Aibonito case and this case are nearly identical.[3]

The Court also recognizes that the present case names Constructora Cawape, Inc. as a co-defendant while Cawape does not appear to be named in the Aibonito case. Given that none of the parties have identified Cawape as a necessary party to any of the ongoing proceedings, and Cawape does not appear to be indispensable based on the filings available, the Court finds this distinction unimportant in evaluating the piecemeal litigation factor here. *See Jiménez*, 597 F.3d at 29-30 (considering the "disparity in inclusiveness" among which parties were involved in which case). Similarly, Erazo-Santana's wife and their conjugal partnership are not named in the present case but are named in the Aibonito case. This distinction is also not concerning; "[u]nder Puerto Rico law there is no need to include a conjugal partnership as a party plaintiff ... since whatever joint benefits are gained through the suit would automatically accrue to the partnership." *See Paredes-Figueroa v. Int'l Air Servs. of P.R., Inc.*, 662 F. Supp. 1202, 1204 (D.P.R. 1987). Similarly, inclusion of only one spouse as plaintiff representing the parties' interests is

---

[3] The Court bases this comparison on the certified translations at **ECF No. 28** of several Aibonito case filings.

also generally of no legal significance. *See Rodríguez v. Ashford Presbyterian Cmty.*, 325 F. Supp.2d 2, 5 (D.P.R. 2004). Accordingly, factor (3) weighs in favor of abstention.

### ii. The order in which the forums obtained jurisdiction, factor (4)

Constructora del Río filed the Aibonito case on April 17, 2018, **ECF No. 28-1**, while Erazo-Santana filed this case eighteen months later, on December 12, 2019, **ECF No. 2**. However, it is not the dates that matter in this abstention analysis nearly as much, as the progress of each concurrent proceeding. *See Jiménez*, 597 F.3d at 30-31 ("The label for this [fourth] factor is something of a misnomer, as 'the relative progress of the suits is more important than the strict order in which the courts obtained jurisdiction.'" (quoting *González v. Cruz,* 926 F.2d 1, 4 (1st Cir. 1991)). Discovery is concluded in the Aibonito case and dispositive motions filed. **ECF No. 28-4.** The present case remains in the initial pleading phase. Accordingly, this factor also weighs heavily in favor of defendants' request for abstention.

### iii. Whether state or federal law controls, factor (5); the adequacy of the state forum to protect the parties' interests, factor (6)

Erazo-Santana asserts that federal law controls his disputes with defendants and that state courts are unable to decide federal questions. **ECF No. 31** at 13-14. The Court has already clarified that state courts are able to consider federal civil matters. And, there is no reason to otherwise view the state courts as unequipped to protect the parties' interests in this case (factor 6). Moreover, Erazo-Santana's assertion that federal law controls in this case is unavailing. The heart of the parties' dispute presents a question of contract interpretation. From that

interpretation will spring the legal remedies, defenses, and damages that the parties may have available. "[T]he interpretation of a contract is ordinarily a matter of state law to which [federal courts] defer." *DIRECTTV, Inc., Imburgia*, 577 U.S. 47, 54 (2015). Factors (5) and (6) also weigh in favor of abstention.

### iv. The vexations or contrived nature of the federal claim, factor (7)

The Court also weighs this factor in favor of abstention. While the Court understands the difficulties a pro se plaintiff may face while navigating the judicial system, it cannot ignore the vexatiousness of Erazo-Santana's prolific and nearly identical filings.

### III. Conclusion

The Court concludes this is an appropriate case to exercise *Colorado River* abstention. The remaining question is whether the Court elects to stay or dismiss the federal case in the wake of this ruling. "In this Circuit, *Colorado River* abstention has historically resulted in a stay," although, "the Supreme Court committed this question to the discretion of the lower courts." *Jiménez*, 597 F.3d at 31-32 (citing *Moses H. Cone Mem. Hosp.*, 460 U.S. at 28). The Court recognizes the practical benefits of a stay over a dismissal in the event "loose ends remain at the conclusion of the state proceeding." *Id.* at 31. But, the sheer multitude of duplicative matters before this and the state courts warrant a dismissal without prejudice here; the loose-ends consideration itself presents concerns of piecemeal resolution.

Defendants' motion to dismiss on abstention grounds is **GRANTED**. **ECF No. 21**. The motion at **ECF No. 23** is **DENIED.** The Motion at **ECF No. 33** is **MOOT**. The filing at **ECF No. 31** is **NOTED**. The case is dismissed without prejudice. Clerk of Court is to enter judgment.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 21st day of June, 2021.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**